[941 NYS2d 674]

In the Matter of ETHAN JORDAN SERLIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 3, 2012

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Ethan Jordan Serlin*, Westbury, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

On October 26, 2011, the respondent pleaded guilty in the

Supreme Court, Nassau County (Kase, J.), to two counts of grand larceny in the second degree, a class C felony in violation of Penal Law § 155.40, and conspiracy in the fourth degree, a class E felony in violation of Penal Law § 105.10. The respondent admitted that on December 29, 2005, he unlawfully took money in excess of $50,000 from WMC, and that, on May 31, 2005, he unlawfully took money in excess of $50,000 from First Franklin. Additionally, the respondent admitted that from October 1, 2004 through May 19, 2009, he engaged in a conspiracy and, in furtherance of the conspiracy, attended a real estate closing on May 26, 2006.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4), based upon his felony convictions. The respondent opposes the Grievance Committee's motion as premature, inasmuch as he anticipates moving to vacate or withdraw his plea of guilty.

By virtue of his felony convictions, the respondent ceased to be an attorney and counselor-at-law, pursuant to Judiciary Law § 90 (4), and was automatically disbarred on October 26, 2011. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, effective October 26, 2011, and the respondent's name is stricken from the roll of attorneys based upon his disbarment.

RIVERA, J.P., SKELOS, DILLON, ANGIOLILLO and COHEN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Ethan Jordan Serlin, is disbarred, effective October 26, 2011, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Ethan Jordan Serlin, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Ethan Jordan Serlin, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commis-

sion, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Ethan Jordan Serlin, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).